**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4828

MARK ANTHONY BELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-97-55)

Submitted: April 27, 2000

Decided: May 4, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James F. Booker, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Kevin Michael Comstock, OFFICE OF THE
UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Anthony Bell had finished serving his eighty-one month prison term for drug conspiracy and firearm convictions and was serving the three-year supervised release portion of his sentence when he tested positive for marijuana use. The district court revoked Bell's supervised release and sentenced him to twenty-four months in prison. Bell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious issues for appeal. Counsel alleges that the district court erred by imposing a twenty-four month prison term. Bell filed a supplemental pro se brief in support of that argument.

Bell does not dispute that he used marijuana while on supervised release. He contends, however, that under the circumstances of his case, a twenty-four month sentence was not warranted. He notes, among other matters, that he had nearly finished serving his supervised release term at the time it was revoked and he was trying to gain custody of his sons.

Under the version of 18 U.S.C. § 3583(g) in effect at the time Bell committed his original crimes of conviction, the court was obligated to terminate Bell's supervised release and impose a prison term of not less than one-third of his term of supervised release. Because Bell's supervised release term was three years, upon the revocation of supervised release he faced one to three years in prison. We find that Bell's sentence, which does not exceed the statutory maximum, was not plainly unreasonable.

Pursuant to Anders, we have reviewed the record for reversible error and found none. We therefore affirm Bell's sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are ade-

2

quately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3